989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Miguel Samuel MALDONADO, Defendant-Appellant.
 No. 92-5144.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 14, 1993
Decided: March 16, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-91-287-JFM)
 Robert C. Bonsib, MARCUS & BONSIB, Greenbelt, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Katharine J. Armentrout, Assistant United States Attorney, Thomas M. DiBiagio, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Miguel Samuel Maldonado was convicted after a bench trial of conspiracy to distribute cocaine, one attempt to distribute cocaine (21 U.S.C.A. § 846 (West Supp. 1992), 18 U.S.C.s (1988)), and seven counts of cocaine distribution (21 U.S.C.A. § 841 (West Supp. 1992), 18 U.S.C. § 2 (1988)). He appeals the attempt conviction and his sentence. We affirm.
 
 
 2
 The evidence at trial established that Maldonado sold cocaine on six occasions to an undercover Drug Enforcement Administration agent. The agent also testified that Maldonado provided him with a sample of supposedly better quality cocaine than his usual product as an inducement for the agent to make a larger multiple-kilogram buy. The agent agreed to buy five kilograms of cocaine, but failed to produce the money on the day Maldonado said he would have the drugs. Two days later, the agent called Maldonado and said he had $125,000 in cash. Maldonado told the agent his suppliers had come and gone, but that the agent could bring the money to his house and he would obtain five kilograms by the next day. After the agent delivered the cash, Maldonado was arrested.
 
 
 3
 In this appeal, Maldonado contends that there was insufficient evidence of an attempt to distribute five kilograms of cocaine. He testified at his trial that he was not a drug dealer and up to that point had been selling portions of sixty ounces of cocaine left to him by his deceased brother, that he had only about thirteen to fifteen ounces left (approximately half a kilogram), and that he intended to take the $125,000 and disappear.
 
 
 4
 To prove an attempt, the government had to show (1) that Maldonado had the specific intent to distribute five kilograms of cocaine and (2) that he took a substantial step toward completion of the offense. United States v. Cea, 914 F.2d 881, 887 (7th Cir. 1990). Taken in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984), the evidence adequately supports the conviction of attempt. Maldonado negotiated a five-kilogram sale and accepted payment. He had delivered the negotiated amount in six prior transactions. His prior recorded conversations with the agent revealed a knowledge of the terminology and practice of drug dealing; for instance, he said that obtaining couriers had become much more difficult since the recent changes in drug sentencing laws. Moreover, the district court, sitting as the trier of fact, wholly discredited Maldonado's testimony. Because we do not review these credibility determinations, United States v. Saunders, 886 F.2d 56 (4th Cir. 1988), and because the other evidence showed that Maldonado intended to sell the five kilograms and took a substantial step towards that sale, we reject his argument.
 
 
 5
 For the same reasons, we find that the district court's determination that Maldonado was reasonably capable of producing the negotiated five kilograms was not clearly erroneous, and it was correctly used to calculate his offense level. U.S.S.G. § 2D1.4, comment. (n.1) (Nov. 1991).* Because Maldonado continued to deny significant aspects of his criminal conduct at his sentencing hearing, the district court did not err in refusing him a reduction for acceptance of responsibility. United States v. Gordon, 895 F.2d 932 (4th Cir. 1990). Finally, an enhancement for possession of a gun during a drug offense under guideline section 2D1.1(b)(1) was not clearly erroneous. The loaded gun was in a locked closet in Maldonado's bedroom. On the floor of the closet, 600 glassine bags were found. These bags were identified as similar to the bags used by Maldonado in an earlier sale of cocaine. Furthermore, $5000 in cash was found in an army jacket in the closet. Against these facts, the district court's finding that it was not "clearly improbable" that the gun was connected to Maldonado's drug offenses is not clearly erroneous. See U.S.S.G. § 2D1.1, comment. (n.3).
 
 
 6
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)